**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| JAMAAL K. ABEOKUTO #323-969 | : |
|    Petitioner | : |
|       v. | :   Civil Action No. RDB-08-3203 |
| WARDEN | : |
|    Respondent | : |

..o0o..

**MEMORANDUM OPINION**

The question of timeliness in the above-captioned habeas corpus matter is unusual and unprecedented in this district. Having considered the parties' submissions and relevant law, the undersigned concludes that the matter is not precluded from federal review as time-barred pursuant to 28 U.S.C. § 2244(d).

Jamaal K. Abeokuto was charged in the Circuit Court for Harford County with capital offenses involving *inter alia* first-degree murder and kidnaping of his girlfriend's eight-year-old daughter. Paper No. 12, Exhibit 2 at 10. A change of venue to the Circuit Court of Baltimore County was granted. *Id*. Abeokuto waived his right to trial by jury. After the presentation of evidence the trial court convicted him of first-degree murder, first-degree assault, kidnaping, child kidnaping, extortion, and wearing or carrying a dangerous weapon openly with the intent to injure. *Id*. Abeokuto waived his right to jury sentencing. On November 15, 2004, the court sentenced him to death for the murder conviction, merged for sentencing purposes the first-degree assault count with the murder count, and imposed an additional term of forty-three years' incarceration consecutive to the death sentence. *Id*.

Abeokuto, by appointed counsel, sought direct appeal to the Court of Appeals of Maryland.

*Id*., Exhibit 2. On February 13, 2006, that court vacated Abeokuto's sentences and otherwise affirmed his convictions. *See Abeokuto v. State*, 893 A.2d 1018, 391 Md. 289 (2006); *see also* Paper No. 12, Exhibit 2 at 16, 38 and 43.

Resentencing proceedings occurred between April 23 and May 8, 2007. Paper No. 12, Exhibit 1. On May 8, 2007, Abeokuto was sentenced to life in prison without the possibility of parole for first-degree murder and an additional 43 years incarceration for the remaining convictions. *Id*., Exhibit 1. Abeokuto did not seek appeal and, accordingly, his conviction became final on Thursday, June 7, 2007, when the thirty day period for filing a direct appeal expired.[1] *See Burton v. Stewart*, 549 U.S. 147, 156-57 (2007) ("[f]inal judgment in a criminal case means sentence" and the limitations period begins when conviction and sentence are final for purposes of direct review).

In correspondence dated May 15, 2008, Abeokuto wrote this Court seeking "appropriate relief" based on his inability to persuade attorneys from the Collateral Review Division of the Maryland Office of the Public Defender to initiate post-conviction proceedings on his behalf prior to the expiration of his one-year federal habeas corpus deadline.[2] The correspondence was received and date-stamped by the Clerk on May 27, 2008.

While the correspondence was not sufficient to constitute a "properly filed" habeas corpus

---

[1] *See* Md. Rule 8-202 (notice of appeal must be filed within thirty days of judgment from which appeal is taken).

[2] The Court notes that chief counsel for the Collateral Review Division confirmed for Abeokuto the practice of that office, to wit: due to staffing concerns and a high case load, counsel could not provide prompt assistance to any prisoner seeking post-conviction review, but would enter an appearance and file necessary amendments once the prisoner filed a pro se post-conviction petition. Counsel correctly informed Abeokuto that by promptly filing a pro se post-conviction petition, Abeokuto would be able to toll the one-year limitations period set forth in 28 U.S.C. § 2244(d). *See* Attachments to Paper No. 1.

petition,[3] it was sufficient to trigger action through which Abeokuto would be provided notice that he should immediately file a supplemental pleading in order to preserve his opportunity for federal habeas corpus review.[4]  At the time it was delivered to the Clerk, Abeokuto at a minimum would have had ten days in which to file a § 2254 petition.[5]

Unfortunately, the correspondence was inadvertently placed in a mail bin for another agency, where it languished until November 26, 2008, when it was returned to the Clerk's Office, date stamped, and reviewed.  To alleviate any impact on the limitations period caused by inadvertent error on the part of courthouse staff, the undersigned on December 8, 2008, ordered the correspondence docketed as a habeas corpus petition and provided Abeokuto twenty days in which to file a proper petition using court-approved forms.  Paper No. 2.   The Petition, dated fifteen days later on December 23, 2008, and well within the deadline set by the Court, was received for docketing on December 29, 2008.

It is apparent that had Abeokuto filed a pro se state post-conviction petition in April or May, 2008, as suggested by the Public Defender, his time for seeking relief here would have been tolled.  It is also apparent that as a consequence of that failure to seek an available state court remedy, certain of the claims asserted here will be subject to analysis under the procedural default doctrine.  Many of his claims raised on direct appeal, however, are preserved for federal habeas corpus review.

---

[3] *See, e.g., Page v. Arkansas Department of Correction*, 222 F.3d 453 (8th Cir. 2000) (correspondence with attached documentation sufficient to constitute a complaint).

[4] Pursuant to court practice, he would have been promptly informed by Court order of the looming deadline and provided the necessary forms for filing his Petition before that time expired.

[5] Inasmuch as 2008 was a "leap year," the Petition needed to be filed no later than Friday, June 6, 2008. Under the "prison mail box rule," it would be timely if signed and delivered to prison personnel for mailing as of that date.  *See Houston v. Lack*, 487 U.S. 266 (1988); *United States v. Dorsey*, 988 F. Supp. 917, 919-920 (D.Md. 1998) (holding a petition shall be deemed to have been filed on the date it was deposited with prison authorities for mailing under the "prison  mailbox" rule.)

At the time he first contacted this Court, his one-year period for seeking federal review had not expired and, in keeping with local custom, this Court would have provided him an opportunity to file additional pleadings (*i.e.*, a properly drafted habeas corpus petition) to preserve that opportunity. Through no fault of his own, Abeokuto's correspondence was misdirected and lost for six months. Both he and the Court acted with diligence to move the case forward once the problem was resolved.[6]  The failure to meet the one-year deadline cannot be not solely attributed to Abeokuto.

In order to be entitled to equitable tolling, a petitioner must establish extraordinary conduct, beyond his control or external to his own conduct, caused the delay. *See Rouse v. Lee*, 339 F.3d 238, 246 ( 4th Cir. 2003); *Harris*, 209 F.3d at 330. "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id*.  Generally, a petitioner seeking equitable tolling must demonstrate that he has been diligently pursuing his rights and that some extraordinary circumstance stood in his way to prevent him from filing a timely petition. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Rouse*, 339 F.3d  at 246.  Abeokuto has met this standard.

The Petition is not time-barred.  Respondent shall be required to answer the merits of the Petition.  A separate Order follows.

/s/
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

---

[6] Indeed, the initial correspondence clearly indicates Abeokuto's focus on the need to timely file a habeas corpus action in this Court.  Had this Court been fully aware of the procedural history of the case, its order would have reflected a ten-day, rather than a twenty-day, deadline for supplemental filing.